KEVIN O'ROURKE
SOUTHWELL & O'ROURKE, P.S.
Attorneys at Law
960 Paulsen Center
W. 421 Riverside Avenue
Spokane, WA 99201
(509) 624-0159

FILED

JUL 14

U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

In re:

**STARLIGHT, LLC, d/b/a STARLIGHT LOUNGE & DINING ROOM,**

Debtor.

No.: **08-04161-FLK11**

Chapter **11**

**CONCLUSIONS OF LAW**

**THIS MATTER** came on for hearing on the filing of the Plan of Reorganization, as amended, ("Plan"), and the Court having herein entered its Findings of Fact, based upon the evidence produced, the Court now makes the following:

## CONCLUSIONS OF LAW

1. The Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law; and

2. The provisions of Chapter 11 have been complied with; the Plan has been proposed in good faith and not by means forbidden by law; and

3. (i) Each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan, property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Code on such date, or (ii) the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interest that are impaired under the Plan and has not accepted the Plan; and

4. All payments made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan or by an other person for services or for costs and expenses in,

Conclusions of Law-1

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court; and

5. The identity qualifications and affiliations of the persons who are to be members or managers, if any, of the Debtor after confirmation of the Plan have been fully disclosed, and the appointment of such persons to such offices or the continued appointment of such persons to such offices, or their continuance therein, is equitable and consistent with the interests of the creditors and equity security holders and with public policy; and

6. The identity of any insider that will be employed or retained by the Debtor and their compensation has been fully disclosed; and

7. (i) Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor or (ii) if the Plan is a Plan of liquidation, the Plan sets a time period in which liquidation will be accomplished, and provides for eventuality if the liquidation is not accomplished in that period; and

8. Substantial consummation shall not occur before the sixtieth (60th) day after the Effective Date; and

9. Closing of Case: Sixty (60) days following the filing of the final account, the final decree will be entered and the case shall be closed, unless a motion is filed requesting that the final decree not be so entered; and

10. Debtor's Plan, as amended, shall be confirmed, subject to the following:

a. Notwithstanding any provision of the Plan and/or Amendment to the contrary, the Debtor's claim against insider Doris Morgan for the Debtor's post-petition payment of an obligation of Doris Morgan to Dell Bach in the approximate

Conclusions of Law-2

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

amount of $19,000.00 is hereby reserved if Debtor defaults in any payments of the Plan;

  b. Notwithstanding any provision of the Plan, as amended, to the contrary, until Debtor satisfies all payments required under the confirmed Plan, within ten (10) business days of any written request by any party-in-interest, Debtor shall provide to the requesting party Debtor's Net Average Income, as defined in Article X of the Plan, along with supporting profit and loss statements used by Debtor to compute Debtor's Net Average Income; provided, however, that Debtor shall not be required to provide Debtor's Net Average Income and supporting profit and loss statement to any party-in-interest more than twice per year, beginning 6 months from the entry of the Court's Order confirming the Plan.

  11. If a final account has not been filed within sixty (60) days following the confirmation of the Plan, a final decree may be entered and the case closed, unless a party in interest has filed a written objection.

PRESENTED BY:

SOUTHWELL & O'ROURKE, P.S.

BY: /s/ Kevin O'Rourke
  KEVIN O'ROURKE, WSBA #28912

So Ordered this 14th day of July, 2009

Frank L. Kurtz
Judge

Conclusions of Law-3

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159